IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN JAMES, INC. d/b/a
BUDGET INTERIORS,
an Ohio corporation
and RANDALL J. DLESK,
an individual,

    Plaintiffs,

v.                                                   Civil Action No. 5:12CV143
                                                                  (STAMP)

HAMBERGER NORTH AMERICA, LLC,
an Illinois corporation,
HAMBERGER FLOORING GMBH & CO.,
a German organization,
J&J INDUSTRIES, INC.,
a Georgia corporation and
CHICO'S FAS., INC.,
a Florida corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT HAMBERGER FLOORING
GMBH & CO.'S MOTION TO DISMISS,
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND
AND DENYING AS MOOT
CHICO'S FAS., INC.'S MOTION TO DISMISS,
J&J INDUSTRIES, INC.'S MOTION TO DISMISS
AND HAMBERGER FLOORING GMBH & CO.'S
MOTION TO QUASH SUMMONS**

I.   Background

      The plaintiffs filed this civil action in the Circuit Court of Ohio County, West Virginia. The complaint raises claims against all named defendants for tortious interference with contract, breach of contract, breach of duty of good faith and fair dealing, and defamation. The allegations in the complaint arose from an alleged failed business deal between the plaintiffs and defendant Chico's FAS., Inc. ("Chico's") wherein the plaintiffs claim they

were contracted to install flooring in Chico's stores in West Virginia and throughout the United States. The complaint alleges that the plaintiffs entered into agreements with Hamberger Flooring GMBH & Co. and Hamberger North America ("Hamberger," "HNA," and collectively "the Hamberger defendants") and defendant J&J Industries, Inc. ("J&J") for the purpose of obtaining flooring materials to install in Chico's stores. However, the plaintiffs allege, at some time after these contractual relationships were finalized, the Hamberger defendants and J&J approached Chico's in order to entice it to breach its contract with the plaintiffs in favor of working directly with the Hamberger defendants and J&J. The plaintiffs claim that this attempt was successful and Chico's breached its contractual obligations to the plaintiffs as a result.

The defendants then removed this civil action to this Court, citing subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), and a number of motions to dismiss were filed by the defendants. Defendant Hamberger moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over it. Defendants J&J and Chico's move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and argue that the plaintiffs have failed to state a claim against them. These defendants request, in the alternative to an order granting dismissal of all claims against them, that this Court require the plaintiffs to file a more definite statement. The plaintiffs responded to J&J and Chico's motions to dismiss by

2

acknowledging the insufficiency of their complaint under the federal pleading requirements. Plaintiffs then filed a motion for leave to file an amended complaint. All motions to dismiss, as well as the plaintiffs' motion for leave to file an amended complaint, are now fully briefed and ripe for disposition by this Court. For the reasons that follow, this Court will grant defendant Hamberger's motion to dismiss for lack of personal jurisdiction, will grant in part and deny in part the plaintiffs' motion for leave to amend, and will deny as moot all remaining motions.

## II. Applicable Law

A. Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction

Through a "long-arm" statute, such as West Virginia Code § 56-3-33,[1] a state may enable courts within the state to exercise

---

[1]Section 56-3-33 states, in pertinent part:

(a) The engaging by a nonresident, or by his duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state . . . for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;

3

personal jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead, the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process

---

> (2) Contracting to supply services or things in this state;
> . . .
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (b) When jurisdiction over a nonresident is based solely upon the provisions of this section, <u>only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her</u>.

W. Va. Code § 56-3-33 (emphasis added).

clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

If defendant's contacts with the forum state provide the basis for the suit, those contacts may establish "specific jurisdiction." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the

defendant's general, more persistent, but unrelated contacts with the state." Id. A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

B.  Motion to amend complaint

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III. Discussion

A. Motion to dismiss for lack of personal jurisdiction

Defendant Hamberger has challenged this Court's jurisdiction over it arguing that it does not have contacts with the State of West Virginia sufficient to require it to defend against this case in this court. Thus, Hamberger requests that this Court dismiss it from the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, Hamberger asks this Court to quash the service made upon it by the plaintiffs for failure to comply with the mandates of the Hague Convention for international service of process. In support of its motion to dismiss, Hamberger argues that it is a German company with its registered offices in Stephanskirchen, Germany, where it manufactures, markets and sells its flooring products under the "Haro" brand name. Hamberger further asserts that it does no direct business in the United States, let alone in West Virginia specifically. Rather, it claims, any of its flooring products which are sold or used in the United States are received and processed through HNA, which is located in Bolingbrook, Illinois. All orders from the United

States are shipped to the HNA warehouse in Illinois, and subsequently distributed by HNA. Hamberger claims that it does no business in West Virginia, and employs no one in the state. It also asserts that it has never applied for a license or permit to do business in West Virginia, owns no assets in West Virginia, tangible or otherwise, and has never sent employees, agents or representatives to West Virginia for any business purpose whatsoever. Hamberger maintains that it operates no offices in West Virginia, nor has it ever been assessed taxes in West Virginia, or appointed an attorney-in-fact or registered agent in the state for the purpose of service of process. Finally, Hamberger says that, aside from the present litigation, it has never been involved in a lawsuit in the United States, and has never been subject to the jurisdiction of any United States court. Hamberger offers the affidavit of Ludwig Strebel, its sales and technical coordinator of major overseas countries, in support of all of the above assertions.

As previously stated, it is the burden of the plaintiffs in response to a challenge to personal jurisdiction to establish, by a preponderance of the evidence, that personal jurisdiction exists over the challenging defendant. The plaintiffs have failed to satisfy this burden. Initially, it is clear to this Court that this defendant does not have nearly enough contacts with the state of West Virginia to establish general jurisdiction over it within the state. Any connection that this defendant may have whatsoever

with West Virginia is sparse and only tangential in that the connection is solely related to other defendants in this action who may be subject to suit in West Virginia. See Carefirst of Md., Inc., 334 F.3d at 397 (4th Cir. 2003). Thus, plaintiffs would need to prove that specific jurisdiction exists by showing evidence of elements of the three-pronged test above-described.[2]

In an attempt to meet this burden, the plaintiffs maintain that they worked directly with Hamberger, and specifically Ludwig Strebel in the establishment of the alleged contractual relationships relevant to this case. The plaintiffs say that, on July 22, 2010, Ludwig Strebel traveled to Fort Myers, Florida to meet with plaintiff Randall J. Dlesk ("Dlesk") and Chico's for the purpose of discussing Hamberger supplying flooring for the Chico's store projects managed by the plaintiffs. The plaintiffs also argue that Mr. Strebel traveled to Fort Myers a second time in November 2010 relating to the plaintiffs' transactions with Hamberger and Chico's, and during that trip, also visited Naples, Florida, Knoxville, Tennessee, and Bridgeport, Ohio to tour the plaintiffs' corporate headquarters and showroom in Bridgeport.

The plaintiffs claim that, as a result of these interactions and trips, Hamberger supplied flooring for Chico's construction

---

[2] "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

9

projects to be managed by the plaintiffs.  One of these projects was in Morgantown, West Virginia.  The plaintiffs assert that they placed the order for this project directly with Hamberger and Mr. Strebel by email on February 4, 2011, and that there was never any indication that HNA was ever involved with the transactions involving the Morgantown project.  The plaintiffs also provide evidence of a number of later emails between plaintiff Dlesk and Ludwig Strebel related to the plaintiffs' dealings with Chico's. Accordingly, the plaintiffs maintain, the record shows that Hamberger, through Ludwig Strebel, was directly involved in the dealings related to this civil action, and the plaintiffs did not deal with Hamberger simply tangentially through HNA.  They further assert that the above contacts are sufficient to give this Court jurisdiction over Hamberger in this case.  This Court disagrees.

While the plaintiffs have perhaps presented evidence that they dealt with Hamberger directly on multiple occasions relating to their alleged contractual relationship with Chico's, the plaintiffs have failed to present any evidence of Hamberger purposely availing itself of the privilege of conducting business in the <u>state of West Virginia</u>.  The plaintiffs have included evidence of Ludwig Strebel's business travels to the states of Florida, Tennessee, and Ohio, and have presented evidence of email correspondence between Mr. Strebel and the plaintiffs, but they have offered nothing to show that Hamberger or Mr. Strebel ever conducted business with the plaintiffs within West Virginia.  This Court notes that the

10

plaintiff John James, Inc. is not even a West Virginia corporation, and is rather headquartered in Ohio, further indicating that Hamberger had no intention of conducting business in West Virginia.

The only allegation that the plaintiffs have presented of any contact between the Hamberger and the state of West Virginia is a single order placed for a single project in Morgantown, West Virginia. However, even if such a contact would be sufficient to establish jurisdiction in this Court over this defendant in this case, the plaintiffs have failed to sufficiently support their claim that they placed the order for the Morgantown project directly with Hamberger, rather than through HNA. The emails relating to this transaction which have been provided by the plaintiffs show that the plaintiffs placed an order for the Morgantown project on February 4, 2011. This order was sent from a representative for John James, Inc. to Sandra Shramm[3] and Ludwig Strebel, but also included on the email was an email address entitled "GU_SS."

According to Hamberger, in a claim which has not been challenged by the plaintiffs, the GU_SS email address belongs to Sean Stewart, the sales manager for HNA in Chicago, Illinois. Hamberger has also provided this Court with an email from Mr. Stewart to the plaintiffs on the same day that the Morgantown order was placed, confirming the order. Hamberger has also provided an order confirmation receipt relating to the February 4, 2011 order

---

[3]Sandra Shramm is another employee at Hamberger.

for Chico's Morgantown, West Virginia. This confirmation clearly represents HNA in Chicago, Illinois as the entity providing confirmation and names Sean Stewart as the person in charge of the order. ECF No. 32 Ex. 2. Finally, Hamberger has also presented an email from plaintiff Dlesk cancelling order number 3109910799, which is the order number assigned to the February 4, 2011 Morgantown order, as shown in both the previous emails regarding the order and in the order confirmation receipt previously discussed. See ECF No. 32 Ex. 2 and ECF No. 32 Ex. 4. As such, the plaintiffs have failed to show that this transaction took place with Hamberger, rather than HNA, and even failed to show that this transaction was ever finalized. As this is the only contact with West Virginia that the plaintiffs have alleged, the plaintiffs have not shown by a preponderance of the evidence that Hamberger has ever conducted any type of business in the state of West Virginia. As a result, this Court cannot find that it has jurisdiction over Hamberger. Defendant Hamberger's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is thus granted, and Hamberger is dismissed as a defendant to this civil action. Further, as this Court finds that Hamberger must be dismissed, Hamberger's motion to quash service is denied as moot.

B.  Motion to amend complaint

As noted above, following the filing of defendants Chico's and J&J's motions to dismiss for failure to state a claim, the plaintiffs conceded that the complaint filed in the Circuit Court

of Ohio County failed to meet the pleading requirements of Federal Rule of Civil Procedure 8, as defined by the United States Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The plaintiffs argue that the insufficiency of their complaint is the result of the difference between the pleading standards required in state court, where the complaint was originally filed, and those of federal court.  Thus, the plaintiffs request leave to file a more stringently pled amended complaint in order to comply with the pleading requirements of Rule 8.  Defendants Chico's and J&J oppose the plaintiffs' motion to amend on the grounds that the proposed amended complaint is equally deficient under Rule 8, and is thus futile.

As noted above, motions to amend must be granted liberally, and only denied when it is clear that granting the motion would cause "undue delay," that the motion was motivated by "bad faith or dilatory motive," and in situations of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman, 371 U.S. at 182.  The opposing defendants in this case do not argue that the motion to amend is delayed, motivated by bad faith, or prejudicial, but rather only assert that the proposed amended complaint would also be subject to dismissal for failure to state a claim, and is thus futile.  In determining whether a proposed amended complaint is futile, the

13

Court must consider whether or not the amended complaint would be subject to dismissal under the standards of the Federal Rules of Civil Procedure. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). The objecting defendants here argue that the plaintiffs' amended complaint would be subject to dismissal pursuant to Rule 12(b)(6).

In assessing whether a complaint fails to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal for failure to state a claim is only appropriate in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The plaintiffs' amended complaint alleges that plaintiff John James, Inc. entered into a contract with Chico's to provide and install flooring in Chico's stores throughout the United States. The complaint also claims that John James, Inc. entered into contracts with the Hamberger defendants and J&J to obtain certain

flooring materials for installation into the Chico's stores included in John James, Inc.'s contract with Chico's. The proposed amended complaint then raises three claims against the various defendants. Count I raises a claim for beach of contract against defendant Chico's. Count II raises a claim for tortious interference, breach of contract, defamation, and breach of good faith against defendant J&J and the Hamberger defendants. Count III raises a claim of breach of contract against the Hamberger defendants. As earlier indicated, HNA has not moved to dismiss the plaintiffs' complaint, and Hamberger has been dismissed for lack of personal jurisdiction. This Court will accordingly address the sufficiency of the allegations against Chico's and J&J only.

The crux of both Chico's and J&J's argument for futility of amendment as to the breach of contract allegations made against them in the proposed amended complaint is that the complaint fails to state a claim because the plaintiffs have not attached the contracts alleged to have been breached, and do not identify specific contractual provisions alleged to have been breached. J&J and Chico's assert that failure to do either of these things within the proposed amended complaint fails to meet the pleading requirements of Rule 8. This Court disagrees.

The plaintiffs allege that contracts existed between John James, Inc. and both Chico's and J&J. With regard to Chico's, the plaintiffs also specifically allege that Chico's placed a number of purchase orders, listed by specific number, which the plaintiffs

15

claim contractually obligated Chico's to purchase the amount of product stated within the orders within twelve months of placing the order. The plaintiffs then allege that the specifically named purchase orders were purchased by Chico's from other vendors after they were placed with the plaintiffs, and that Chico's never purchased the product from these orders from the plaintiffs within the mandated twelve months. As such, the plaintiffs allege breach of contract through the allegedly unfulfilled purchase orders. Rule 8 requires a plaintiff to simply allege sufficient facts to raise the probability of liability on the part of the defendant above a "speculative level." <u>Twombly</u>, 550 U.S. at 555. The plaintiffs' allegations of breach of contract against Chico's clearly succeed in accomplishing this as there are specific allegations of purchase orders placed, and specific allegations regarding how the plaintiffs believe Chico's breached the terms of those orders.

As against J&J, the plaintiffs also sufficiently allege a breach of contract claim. The proposed amended complaint raises its breach of contract claim against J&J in Count II. The plaintiffs allege that J&J entered into a contract with John James, Inc. to provide flooring materials to Chico's stores for installation by the plaintiffs. The complaint further alleges that J&J breached this contract by selling flooring products directly to Chico's rather than through the plaintiffs for installation pursuant to the John James, Inc.'s contract with Chico's. While

the allegations of breach of contract against J&J in the proposed amended complaint may not establish with certainty the plaintiffs' right to recover on this claim against J&J, the claims and factual allegations certainly make the claim "plausible" as is required by Rule 8. Id.

Further, J&J argues that the claims against it for breach of the covenant of good faith alleged in the proposed amended complaint are also futile. However, its argument in this regard is based entirely upon its arguments that the plaintiffs failed to sufficiently allege a breach of contract claim against them. As this Court found the breach of contract allegations sufficient, J&J's arguments as to the insufficiency of the good faith claims also fail to show futility. Similarly, as to the claim against J&J for tortious interference with contract, J&J also argues that this claim is insufficient because the plaintiffs failed to sufficiently allege a contractual relationship. This claim asserts that J&J tortiously interfered with its contractual relationship with Chico's. As noted above, the plaintiffs have sufficiently alleged the existence of a contractual relationship with Chico's. Accordingly, the plaintiffs' claim for tortious interference with contract is also sufficient to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) standards.

Finally, however, this Court must agree with J&J as to the defamation claim sought to be raised against it in the amended complaint, and find that the amended complaint, as to this claim,

17

is futile.[4]  In West Virginia, a claim for defamation requires that the following elements be proven: "(1) defamatory statements; (2) a non-privileged communication to a third party; (3) falsity; (4) reference to the plaintiff." Crump v. Beckley Newspapers, Inc., syl. pt. 1, 320 S.E.2d 70 (W. Va. 1983).  The sole allegation as to defamation within the amended complaint asserts that J&J and HNA "made various defamatory statements about both Plaintiff John James, Inc. and Plaintiff Randall J. Dlesk."  The amended complaint fails entirely to plead with any specificity what alleged defamatory statements were made by J&J and HNA to Chico's, when these statements were made, or in what context, or even whether or not they were false.  In order to sufficiently plead a claim for defamation, it is at least necessary that the plaintiffs offer "the exact words charged to have been used or material caused to have been published by the defendant . . . with particularity." Kondos v. West Virginia Bd. of Regents, 318 F. Supp. 394, 398 (S.D. W. Va. 1970).  Further, even if J&J and HNA intentionally solicited Chico's to breach its contract with the plaintiffs in favor of working directly with these defendants, it does not follow as a matter of course that they did so through the use of defamatory statements against the plaintiffs.  Accordingly, the plaintiffs'

---

[4]This Court recognizes that this finding differs from the Court's stated tentative rulings set forth in a May 3, 2013 letter to the parties.  However, after further review, this Court has now concluded that the plaintiffs have failed to adequately plead a defamation claim under the pleading standards of Federal Rule of Civil Procedure 8.

claims for defamation contained in the proposed amended complaint fail to meet the pleading standards of Rule 8, and are thus futile. The plaintiffs' motion for leave to amend is granted, with the exception of with regard to the plaintiffs' defamation claim. The motions to dismiss of defendants J&J and Chico's are also denied as moot.

## IV. Conclusion

As stated above, and for the reasons stated above, defendant Hamberger Flooring GMBH & Co.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF No. 16) is GRANTED. Hamberger Flooring GMBH & Co. is hereby DISMISSED as a defendant to this civil action. Hamberger Flooring GMBH & Co.'s alternative motion to quash service is DENIED AS MOOT. The plaintiffs' motion to amend (ECF No. 19) is GRANTED IN PART and DENIED IN PART. The Clerk is DIRECTED to file the plaintiffs' amended complaint attached as Exhibit 1 to the plaintiffs' motion for leave to file an amended complaint. However, the plaintiffs' claims for defamation are DISMISSED. Defendant Chico's FAS., Inc.'s motion to dismiss (ECF No. 11) is DENIED AS MOOT. Defendant J&J Industries, Inc.'s motion to dismiss (ECF No. 17) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED:      August 2, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE